**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harry Alberti et al., | No. CV10-08031-PCT-NVW |
| Plaintiffs, | **ORDER** |
| vs. | |
| Oracle Healthcare LLC et al., | |
| Defendants. | |

Pending before the Court is Defendants' Notice of Removal from Yavapai County Superior Court (doc. #1).

Federal courts are courts of limited jurisdiction. U.S. Const. art. III § 2. The removal jurisdiction of the federal courts is derived from the statutory authorization of Congress. *Gould v. Mut. Life Ins. Co.*, 790 F.2d 769, 773 (9th Cir. 1986). Although Plaintiffs have not challenged Defendants' removal, the Court is "obligated to consider sua sponte whether [it has] subject matter jurisdiction" under 28 U.S.C. § 1441. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (citation omitted).

District courts have federal-question jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1441(a) of Title 28, United States Code, provides that a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place

1 where such action is pending." Section 1441(b) of Title 28 provides further that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "A case may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Merrell Dow v. Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). "'[R]emoval may be appropriate when federal law not only displaces state law but also confers a federal remedy on the plaintiffs or compels them to rely, explicitly or implicitly, on federal propositions.'" *Harper v. San Diego Transit Corp.*, 764 F.2d 663, 666 (9th Cir. 1985) (citation omitted).

Plaintiffs have asserted ten state law claims. In their Notice of Removal, Defendants state that Plaintiffs have alleged "counts for negligence and negligence *per se*, based on the use of NPI numbers allegedly in 'direct contravention to 45 C.F.R. § 162.410.'" Defendants, however, have not shown that "federal law . . . confers a federal remedy on the plaintiffs" or that "federal law . . . compels [plaintiffs] to rely . . . on federal propositions." *See id.* "It is a 'long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1040-41 (9th Cir. 2003) (quoting *Merrell Dow*, 478 U.S. at 808).

There is a strong presumption against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing subject matter jurisdiction as a basis for removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). All ambiguities are resolved in favor of remand. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Defendants' bald assertion that

- 2 -

federal-question jurisdiction lies merely because Plaintiffs' complaint states at one point, "Pursuant to C.F.R. § 162.410 . . ." or because Plaintiffs have alleged counts for negligence and negligence per se, based upon the use of NPI numbers in "direct contravention to 45 C.F.R. § 162.410 . . ." does not satisfy the burden of establishing subject matter jurisdiction as a basis for removal.

IT IS THEREFORE ORDERED that Defendants show cause by **March 12, 2010**, why this action should not be remanded to the Superior Court of Yavapai County, Arizona. Plaintiff may file a response within the time permitted by LRCiv 7.2(c).

DATED this 23rd day of February, 2010.

_____
Neil V. Wake
United States District Judge